### 15379.  RICHARDSON v. THE STATE.

BROYLES, C. J.  The verdict was amply authorized by the evidence, and none of the special grounds of the motion for a new trial shows reversible error.  *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 16, 1924.

Accusation of possession of liquor; from city court of Carrollton —Judge Hood.  January 11, 1923.

*Smith & Millican,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

---

### 15383.  HERRINGTON v. THE STATE.

1. The first ground of the extraordinary motion for a new trial is without merit, because: (a) The letter referred to therein could not legally be admitted in evidence in case a new trial should be ordered. *Perry* v. *State,* 102 *Ga.* 368 (1) (30 S. E. 903). (b) Statements by a third person that he and not the accused was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial. *Cook* v. *State,* 22 *Ga. App.* 790 (5) (97 S. E. 258), and case cited. See, in this connection, *Kelly* v. *State,* 82 *Ga.* 441 (2) (9 S. E. 171); *Robison* v. *State,* 114 *Ga.* 445 (2) (40 S. E. 253); *Rawlins* v. *State,* 126 *Ga.* 96 (3, 4) (54 S. E. 924). Moreover, before a new trial should be granted upon alleged newly discovered evidence it should be such as, if believed, would probably produce a different verdict upon another trial,—such evidence as would be "decisive of the controversy." The record shows that the person who claims to have been the actual perpetrator of the crime in this case was tried and sentenced to the State penitentiary of Virginia, and had a bad record in "various other places." The evidence of such a witness, when disputed in any case, would hardly be "decisive of the controversy."
2. Evidence that Byrd (now deceased) told McSwain that "one of his men who was working with him investigating the accident" told Byrd that some unnamed and unidentified person told him (Byrd's assistant) that the car which hit deceased was a Nash touring-car and was driven by him (the unnamed person) is clearly hearsay, and would not be admissible upon a trial of the case.
3. The only effect of the alleged newly discovered evidence referred to in the 3d ground of the extraordinary motion for a new trial would be to impeach the witness referred to therein. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted. *Arwood* v. *State,* 59 *Ga.* 391 (1); *Levining* v. *State,* 13 *Ga.* 513 (1); *Wright* v. *State,* 34 *Ga.* 110 (2); *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E.